9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Jay STERLING, Plaintiff-Appellant,
v.
W.A. BLOUNT, R.G. SIMPSON, Defendants-Appellees.
 No. 93-3096.
 United States Court of Appeals, Tenth Circuit.
 Oct. 29, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff David Jay Sterling appeals the district court's grant of summary judgment to defendants on his civil rights action brought pursuant to 28 U.S.C. 1331.[2] In his complaint, plaintiff alleges that his constitutional rights were violated by the actions and omissions of defendants during a disciplinary investigation and hearing, following which plaintiff was found guilty of fighting. During the time period covered by the complaint plaintiff was incarcerated in the United States Penitentiary at Leavenworth, Kansas.[3]
 
 
 3
 Specifically, plaintiff alleges that (1) his due process rights were violated during the disciplinary proceedings, (2) the disciplinary action was in retaliation for pursuing other legal actions, (3) prison officials' failure to provide him with reasonable protection violated his Eight Amendment rights, and (4) there are material issues of fact in dispute which preclude the district court's grant of summary judgment.
 
 
 4
 We review the district court's grant of summary judgment de novo and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Eaton v. Jarvis Prods. Corp., 965 F.2d 922, 925 (10th Cir.1992). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 Upon careful consideration of the record on appeal, the pleadings, and the parties' arguments, we affirm for substantially the reasons stated in the district court's Memorandum and Order dated February 25, 1993.
 
 
 6
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In a companion case, Sterling v. United States, No. 92-3377, based on the same underlying facts, we affirmed the district court's grant of summary judgment to the government on plaintiff's action pursuant to the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671-2680. Defendants note in their brief that plaintiff has filed at least nine other actions challenging the conditions of his incarceration. Appellees' Br. at 1-2 n.1
 
 
 [3]
 Defendants note that plaintiff is currently incarcerated at the United States Penitentiary, Marion, Illinois, due to a 1992 escape from the United States Marshals Service. Appellees' Br. at3 n.3